# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 934 | **DATE** | 5/1/2002 |
| **CASE TITLE** | Trustmark Insurance Company vs. Fire & Casualty Insurance Company of Connecticut | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and concluded. Enter Memorandum Opinion and Order. Trustmark's amended motion for an order compelling Fire & Casualty Company of Connecticut to arbitrate in Illinois [7-1] is denied. The parties are to proceed in accordance with their agreement as set forth in the Memorandum and Opinion. FCIC's countervailing motion to transfer [10-1] is denied as moot. Any other motions are terminated. This case is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TRUSTMARK INSURANCE COMPANY, )
an Illinois Corporation, )
)
    Petitioner, )
)
v. ) Case No. 02 C 0934
)
FIRE & CASUALTY INSURANCE )
COMPANY OF CONNECTICUT, a )
Connecticut Corporation, )
)
    Respondent. )

## MEMORANDUM OPINION AND ORDER

This case arises from a dispute in an arbitration agreement between Trustmark Insurance Company ("Trustmark"), a reinsurer, and its reassured, Fire & Casualty Insurance Company of Connecticut ("FCIC"). Trustmark is alleged to be an Illinois corporation with its principal place of business in Illinois, and FCIC a Connecticut corporation with its principal place of business in Connecticut. The amount in controversy is alleged to exceed $75,000.00. As such, this court has diversity jurisdiction under 28 U.S.C. § 1332(a). Only one issue is in dispute: where the arbitration agreement provides that the arbitration shall take place at a mutually agreeable location but the parties are unable to agree, may this court order the parties to arbitrate within this district?

Citing *Capitol Converting Co. v. Curioni*, No. 87 C 10439, 1989 WL 152832, at *3 (N.D. Ill. Nov. 9, 1989), Trustmark argues that refusal to agree on location is tantamount to a refusal to arbitrate and therefore this court, under the Federal Arbitration Act, 9 U.S.C. § 4, should order

1



the parties to arbitrate here in the Northern District of Illinois, the district where the petition to compel arbitration was filed.[1] FCIC, on the other hand, argues that because the arbitration agreement provides that "all proceedings" under the agreement are governed by Connecticut law, which provides that the arbitrators will appoint a time and place for the arbitration hearing, Connecticut law governs.

In construing arbitration clauses, standard contract principles apply. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 241 (1962). The court is required to enforce the intent of the parties as embodied in their agreement to arbitrate. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). The agreement between Trustmark and FCIC provides that "in the event of any dispute or difference of opinion hereafter arising with respect to this Contract, it is hereby mutually agreed that such dispute or difference of opinion shall be submitted to arbitration." Agreement, Art. XXIII ¶ A. The agreement also provides that

> Any arbitration proceedings shall take place at a location mutually agreed upon by the parties to this Contract, but notwithstanding the location of the arbitration, all proceedings pursuant hereto shall be governed by the law of the state in which [FCIC] has its principal office.

*Id.* at ¶ E. FCIC's principal office is located in Connecticut. FCIC asks the court to construe the "location mutually agreed" language and the "notwithstanding" language to mean that if the parties cannot agree on the location, the location of the arbitration shall be governed by the law of Connecticut, and under the law of Connecticut, "[t]he arbitrators to an arbitration matter shall appoint a time and place for the hearing[.]" CONN. GEN. STAT. ANN. § 52-413. The court does

---

[1] Under the Federal Arbitration Act, 9 U.S.C. §4, in domestic cases a federal district court may only compel arbitration within its own district. 9 U.S.C. §4; *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995).

2

not believe the language of paragraph E is so read. Instead, the plain language of the paragraph E, regarding resort to Connecticut law, assumes that the location has been decided by the parties: "notwithstanding *the location* of the arbitration." Thus, for example, even if the parties picked a Texas location, the arbitration proceedings held in Texas would be governed by Connecticut law (although apparently California law, according to the choice of law clause in Art. XXIV, would govern the contract interpretation issues).

While paragraph E cannot plainly be read as telling the parties what to do in the event they cannot agree on the location for the arbitration, the court also does not agree with Trustmark that this case is one like *Capitol Converting*, where the parties failed altogether to address the forum for arbitration. The first clause of paragraph E requires the parties to agree on the forum. While it seems to the court not the best example of contract drafting to assume that the parties will, whenever a dispute arises under the contract calling for arbitration, agree on the location for the arbitration, the court must read the language as written. The parties agreed to agree on the location when the time for choosing such location, as now, was upon them. That said, one of the parties cannot, in lieu of such obligation, insist on a forum it chooses by filing a petition to compel arbitration of the underlying dispute in the first instance, which appears to be what Trustmark has done.[2] To do that would be to negate the parties' intention to mutually agree on a location. *See Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 328 (7th Cir. 1995) ("[A]ny party to an arbitration agreement could avoid the effect of the agreed-to forum

---

[2]The fact that Trustmark had to file a petition to compel arbitration due to FCIC's filing in federal court, does not *ipso facto* mean that, once FCIC dismissed that suit and agreed to arbitrate the issue, this court (in which Trustmark's motion to compel was filed) automatically decides the issue of where to arbitrate. The court must resort back to the contract language.

3

merely by filing suit in a different district. This in turn could lead to [the undesirable result of] the parties racing to different courthouses to obtain what each thinks is the most convenient forum for it, in disregard of its contractual obligations."). It appears that the only effort Trustmark made to mutually agree on a location was to suggest that it be held in Illinois: "FCIC has refused Trustmark's request to conduct the arbitration in Illinois and the parties cannot agree on a location to conduct the arbitration." (Pet. Mot. ¶ 10.)

The parties' disagreement about the location of arbitration, instead of being a refusal to arbitrate, is merely a dispute about a contract requirement. Because the broad language of paragraph A provides "any dispute or difference of opinion hereafter arising with respect to this Contract . . . shall be submitted to arbitration," the court concludes that the issue of a mutually agreeable location for the underlying dispute is itself is an arbitrable issue. *See Mitsubishi Motors Corp.*, 473 U.S. at 626 (The Federal Arbitration Act "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.") (*quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). *Cf. Matter of United States Lines, Inc. and Liverpool and London Steamship Prot. and Indem. Ass'n, Ltd.*, 833 F. Supp. 350 (S.D.N.Y. 1993) (concluding that the issue of the venue for the arbitration arises out of the parties' agreement to submit to arbitration "any dispute or difference of opinion.").

Although the parties hoped, when signing the agreement, that they could agree on a location for the arbitration, in the event they could not, they left that issue, too, to the arbitrators

through paragraph A. How the arbitrators resolve that issue is up to them. That this interpretation renders the first clause of paragraph E inapplicable to any threshold arbitration proceeding to determine the "mutually agreed location" of the arbitration for the underlying dispute, does not lead to an absurd result since that threshold issue can be decided at any or no particular location (that is, the issues of convenience to witnesses etc. does not come into play, but would seem merely to require a conference call or some other readily accessible forum to all).

Therefore, the court denies Trustmark's amended motion for an order compelling FCIC to arbitrate in Illinois. The parties are to proceed in accordance with their agreement as set forth herein. FCIC's countervailing motion to transfer venue is denied as moot. The case is dismissed.

Enter: May 1, 2002

Enter: _/s/ Joan H. Lefkow_
JOAN HUMPHREY LEFKOW
United States District Judge